IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| P<small>AVEL</small> G<small>OBERMAN</small>, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | No. 3:16-CV-00994-G-BH |
| | § | |
| C<small>ARLOS</small> H. C<small>ASCOS</small>, | § | |
| T<small>EXAS</small> S<small>ECRETARY OF</small> S<small>TATE</small>, | § | |
|    *Defendant.* | § | |

**D<small>EFENDANT'S</small> M<small>OTION TO</small> D<small>ISMISS</small>**
**U<small>NDER</small> F<small>EDERAL</small> R<small>ULES OF</small> C<small>IVIL</small> P<small>ROCEDURE</small> 12(B)(1) <small>AND</small> 12(B)(6)**

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General
for Civil Litigation

**ANGELA COLMENERO**
Chief, General Litigation Division

**KELLI C. FUQUA**
Assistant Attorney General
Texas Bar No. 24097713
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120 PHONE
(512) 320-0667 FAX
***COUNSEL FOR***
***SECRETARY CASCOS***

1

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Carlos H. Cascos, in his official capacity as Texas Secretary of State ("Secretary Cascos"),[1] moves this Court to dismiss Plaintiff Pavel Goberman's ("Goberman") Complaint for lack of subject-matter jurisdiction and failure to state a claim on which relief may be granted.

## I. INTRODUCTION

This case concerns Pavel Goberman's concurrent desires to (1) register to vote in the State of Texas; and (2) keep his physical address confidential. *See* Doc. #3 (Complaint).[2] The Texas Election Code requires that the Office of the Texas Secretary of State disclose certain addresses to people who may request it under state public-information laws and/or Chapter 18 of the Texas Election Code. However, the Election Code also provides exceptions for some individuals to keep their addresses

---

[1] Goberman repeatedly and exclusively refers to Secretary Cascos as "Texas Secretary of State Carlos Cascos" or "Carlos H. Cascos, TX Secret. of State." *See* Doc. #3. Accordingly, Secretary Cascos presumes this is a suit strictly against him in his official capacity as Texas Secretary of State. The allegations in Goberman's Complaint support this conclusion. *See Parker v. Graves,* 479 F.2d 335, 336 (5th Cir. 1973) ("The allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action.") Regardless of the capacity in which Secretary Cascos is sued, this Court lacks jurisdiction over Goberman's claims and Goberman fails to state a claim upon which relief may be granted.

[2] Goberman also indicates in his Complaint that he "want[s] to run for public office", but the relief he seeks appears to be limited to keeping his address confidential for purposes of voting. *See* Doc. # 3 ("I'm asking this Court to defend this Constitution: to give an Order to keep my physical Address confidential and allow me to vote"). That said, even if he is seeking relief to keep his address confidential as a hypothetical candidate for public office, candidate filing applications (information from which is communicated to the Office of the Texas Secretary of State), which include residential addresses, are public information, unless another statute supersedes Section 141.035 of the Texas Election Code as to the disclosure of a particular residential address. *See, e.g.,* TEX. ELEC. CODE §§ 141.035; 141.031(4)(I). Mr. Goberman does not allege any statutory exception in his Complaint to disclosure that might apply to him as a hypothetical candidate for public office. *See* Doc #3 ("But the Texas Secretary of State Carlos Cascos does not allow me to do this, on base of the Texas rules, codes and regulations.")

confidential. Goberman does not appear to qualify for any of the statutory exceptions. Though he does not claim to have registered to vote yet (or filed to run for public office), Goberman claims that hypothetically making his address available as public information upon registering to vote (and possibly running for public office) is a violation of his constitutional rights under the First, Fourth, Fifth, Sixth, Fourteenth and Fifteenth Amendments by Secretary Cascos.

## II.    BRIEF IN SUPPORT

As more fully set forth in the attached Brief in Support of Defendant's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Secretary Cascos contends that Goberman's Complaint fails to establish subject-matter jurisdiction or state a claim upon which relief may be granted. Consequently, this Court should dismiss Goberman's Complaint in its entirety.

## III.    CONCLUSION

For all of the foregoing reasons, Secretary Cascos moves this Court to dismiss Goberman's Complaint in its entirety, dismiss him from this lawsuit with prejudice, and grant him any such other relief to which he may show himself justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

3

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

*/s/ KELLI C. FUQUA*
KELLI C. FUQUA
Assistant Attorney General
Texas Bar No. 24097713
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Kelli.Fuqua@texasattorneygeneral.gov
(512) 463-2120 PHONE
(512) 320-0667 FAX
**COUNSEL FOR SECRETARY CASCOS**

## CERTIFICATE OF SERVICE

For the parties not registered to receive this filing via CM/ECF, I hereby certify that a true and correct copy of the foregoing document has been sent by Certified Mail, Return Receipt Requested, on this the 2nd day of June, 2016, to:

**Pavel Goberman**, Plaintiff *Pro Se*
P.O. Box 570636
Dallas, Texas 75357

*/s/ Kelli C. Fuqua*
ASSISTANT ATTORNEY GENERAL