# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PAVEL GOBERMAN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 3:16-CV-00994-G-BH |
| | § | |
| CARLOS H. CASCOS, | § | |
| TEXAS SECRETARY OF STATE, | § | |
| *Defendant.* | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney
General

**JAMES E. DAVIS**
Deputy Attorney General
for Civil Litigation

**ANGELA COLMENERO**
Chief, General Litigation Division

**KELLI C. FUQUA**
Assistant Attorney General
Texas Bar No. 24097713
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120 PHONE
(512) 320-0667 FAX
**COUNSEL FOR**
**SECRETARY CASCOS**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................iii

I.   Introduction.......................................................................................................... 1

II.  Procedural History ............................................................................................... 2

III. Statutory Confidentiality Provisions .................................................................. 3

IV. Factual Allegations .............................................................................................. 3

V.  Arguments & Authorities ..................................................................................... 4

    A.  This case should be dismissed under Rule 12(b)(1) because the
         Court lacks subject-matter jurisdiction over Goberman's
         claims............................................................................................................ 4

        1.  Goberman's claims do not amount to a "case or
            controversy" for purposes of review under Article III. ......................... 5

            a)  Goberman's claims are moot, which precludes
                justiciability. ........................................................................................ 5

            b)  Goberman lacks standing, which precludes
                justiciability. ........................................................................................ 6

        2.  Goberman cannot bring a Fifth Amendment claim............................. 10

        3.  The Eleventh Amendment bars Goberman's claims
            brought through 42 U.S.C. § 1983........................................................ 10

    B.  This case should be dismissed under Rule 12(b)(6), because
         Goberman fails to state a claim upon which relief may be
         granted. ...................................................................................................... 12

        1.  Goberman alleges no facts supporting a First
            Amendment violation............................................................................. 13

        2.  Goberman alleges no facts supporting a Fourth
            Amendment violation............................................................................. 14

        3.  Goberman cannot bring a Fifth Amendment claim
            against Secretary Cascos. ..................................................................... 14

        4.  The Sixth Amendment is irrelevant to Goberman's civil
            claims..................................................................................................... 14

        5.  Goberman does not allege how his Fourteenth
            Amendment rights were violated by Secretary Cascos. ..................... 15

        6.  Goberman pleads no facts showing that his Fifteenth
            Amendment rights were violated by Secretary Cascos. ..................... 15

VI. Conclusion ......................................................................................................... 16

CERTIFICATE OF SERVICE.................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Already, LLC v. Nike, Inc.*, 133 S. Ct. 721 (2013) ......................................................... 5

*Alvarez v. Smith,* 558 U.S. 87 (2009) ............................................................................. 5

*Arizonans for Official English v. Arizona,* 520 U.S. 43 (1997) .................................... 5

*Barrows v. Jackson*, 346 U.S. 249 (1953)........................................................................ 9

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ................................................. 13

*Bennett v. Spear*, 520 U.S. 154 (1997)............................................................................ 8

*Bittakis v. City of El Paso*, 480 F. Supp. 2d 895 (W.D. Tex. 2007) ........................... 14

*Brandon v. Holt*, 469 U.S. 464 (1985)........................................................................... 11

*Breaux v. U.S. Postal Serv.*, 202 F.3d 820 (5th Cir. 2000) ........................................... 5

*Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469 (5th Cir. 2013) .................... 8

*Cozzo v. Tangipahoa Parish Council-President*, 279 F.3d 273 (5th
     Cir. 2002) ............................................................................................................... 11

*Crane v. Johnson*, 783 F.3d 244 (5th Cir. 2015) ........................................................... 7

*Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655 (5th Cir.
     2006) .......................................................................................................................... 5

*Cuvillier v. Sullivan,* 503 F.3d 397 (5th Cir. 2007) .................................................... 12

*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004) ................................... 8, 9

*Ex parte Young,* 209 U.S. 123 (1908)............................................................................ 12

*Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380 (5th Cir. 2014) ................................. 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167
     (2000) ......................................................................................................................... 6

*Funk v. Stryker Corp.*, 673 F. Supp. 2d 522 (S.D. Tex. 2009), *aff'd* 631
     F.3d 777 (5th Cir. 2011) ......................................................................................... 13

*Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999) ...................................................... 6

*Green v. Mansour*, 474 U.S. 64 (1985).......................................................................... 12

*Hooks v. Landmark Indus., Inc.*, 797 F.3d 309 (5th Cir. 2015) .................................. 4

*Johnson v. United States*, 502 F. App'x 412 (5th Cir. 2012) ....................................... 4

*Jones v. City of Jackson*, 203 F.3d 875 (5th Cir. 2000) ....................................... 10, 14

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677
     F.2d 1045 (5th Cir. 1982) ....................................................................................... 13

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ............................................................ 7

*McGowan v. Maryland*, 366 U.S. 420 (1961) .................................................................. 9

*Menard v. Bd. of Trustees of Loyola Univ.*, Cause No. 04-112, 2004 WL
 574727 (E.D. La. 2004)............................................................................................... 10

*Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt.
 Auth.,* 389 F.3d 491 (5th Cir. 2004)............................................................................ 8

*NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389 (5th Cir. 2015) ................................. 12

*Parker v. Graves,* 479 F.2d 335 (5th Cir. 1973) ............................................................. 1

*Perschall v. Louisiana*, 174 F.3d 197 (5th Cir. 1999).................................................... 6

*Quern v. Jordan*, 440 U.S. 332 (1979) .......................................................................... 11

*Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005) ........................................................ 6

*Seminole Tribe of Fla. v. Florida,* 517 U.S. 44 (1996) ................................................ 11

*Stauffer v. Gearhart*, 741 F.3d 574 (5th Cir. 2014) ....................................................... 5

*Texas Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006) ............................ 7

*United States Parole Comm'n v. Geraghty,* 445 U.S. 388 (1980) ................................. 6

*Warth v. Seldin*, 422 U.S. 490 (1975)............................................................................. 8

*Whitmore v. Arkansas*, 495 U.S. 149 (1990) .................................................................. 7

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) .............................................. 11

*Wyoming v. Oklahoma,* 502 U.S. 437 (1992) ................................................................. 8

## Statutes

28 U.S.C. § 1331................................................................................................................ 10

Tex. Crim. Proc. Code § art. 56.82................................................................................ 3, 9

Tex. Elec. Code § 13.002(e)................................................................................................ 9

Tex. Elec. Code §13.0021................................................................................................... 9

Tex. Elec. Code § 13.004............................................................................................... 3, 9

Tex. Elec. Code § 18.005.................................................................................................... 3

Tex. Elec. Code § 18.0051............................................................................................. 3, 9

Tex. Elec. Code § 18.008.................................................................................................... 3

Tex. Elec. Code § 18.066.................................................................................................... 3

Tex. Elec. Code § 31.001(a).............................................................................................. 4

Tex. Elec. Code § 141.031 ......................................................................................... 2, 3, 9

Tex. Elec. Code § 141.035 ......................................................................................... 2, 3, 9

TEX. GOV'T CODE § 552.101, *et. seq.* ........................................................................ 3

**Rules**

FED. R. CIV. P. 12(b)(1) ................................................................................ 1, 4, 9, 10

FED. R. CIV. P. 12(b)(6) ................................................................................ 1, 12, 15

**Constitutional Provisions**

U.S. CONST. amend. I .......................................................................................... 13

U.S. CONST. amend. IV ........................................................................................ 14

U.S. CONST. amend. VI ........................................................................................ 14

U.S. CONST. amend. XIV ...................................................................................... 15

U.S. CONST. amend. XV ....................................................................................... 15

U.S. CONST. art. III, § 2 ............................................................................... 5, 6, 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **PAVEL GOBERMAN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **No. 3:16-CV-00994-G-BH** |
| | § | |
| **CARLOS H. CASCOS,** | § | |
| **TEXAS SECRETARY OF STATE,** | § | |
| *Defendant.* | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

COMES NOW Defendant Carlos H. Cascos, in his official capacity as Texas Secretary of State ("Secretary Cascos"),[1] and moves this Court to dismiss Plaintiff Pavel Goberman's ("Goberman") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim on which relief may be granted.

### I.    INTRODUCTION

This case concerns Pavel Goberman's concurrent desires to (1) register to vote in the State of Texas and (2) keep his physical address confidential.[2] *See* Doc. #3

---

[1] Mr. Goberman repeatedly and exclusively refers to Secretary Cascos as "Texas Secretary of State Carlos Cascos" or "Carlos H. Cascos, TX Secret. of State." *See* Doc. #3. Accordingly, Secretary Cascos presumes this is a suit strictly against him in his official capacity as Texas Secretary of State. The allegations in Goberman's Complaint support this conclusion. *See Parker v. Graves,* 479 F.2d 335, 336 (5th Cir. 1973) ("The allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action.") Regardless of the capacity in which Secretary Cascos is sued, this Court lacks jurisdiction over Goberman's claims and Goberman fails to state a claim upon which relief may be granted.

[2] Goberman also indicates in his Complaint that he "want[s] to run for public office", but the relief he seeks appears to be limited to keeping his address confidential for purposes of voting. *See* Doc. #3 ("I'm

(Complaint). The Texas Election Code requires that the Office of the Texas Secretary of State disclose certain voters' addresses to people who may request it under state public-information laws and/or Chapter 18 of the Texas Election Code. However, the Election Code also provides exceptions for some voters to keep their addresses confidential. Goberman does not appear to qualify for any of the statutory exceptions. Though he does not claim to have registered to vote yet (or filed to run for public office), Goberman claims that hypothetically making his address available as public information upon registering to vote (and possibly running for public office) is a violation of his constitutional rights under the First, Fourth, Fifth, Sixth, Fourteenth and Fifteenth Amendments by Secretary Cascos. This Court should deny Goberman's claims because they are jurisdictionally barred and he fails to state a claim upon which relief may be granted.

## II.   PROCEDURAL HISTORY

Goberman filed his Complaint in this Court on April 11, 2016. *See* Doc. #3. Goberman submitted his application to proceed *in forma pauperis* the same day. *See* Doc. #5. The Court referred Goberman's case to Magistrate Judge Irma Carrillo Ramirez, who denied Goberman's application to proceed *in forma pauperis* on April

---

asking this Court to defend this Constitution: to give an Order to keep my physical Address confidential and allow me to vote"). That said, even if he is seeking relief to keep his address confidential as a hypothetical candidate for public office, candidate filing applications (information from which is communicated to the Office of the Texas Secretary of State), which include residential addresses, are public information, unless another statute supersedes Section 141.035 of the Texas Election Code as to the disclosure of a particular residential address. *See, e.g.,* TEX. ELEC. CODE §§ 141.035; 141.031(4)(I). Mr. Goberman does not allege any statutory exception in his Complaint to disclosure that might apply to him as a hypothetical candidate for public office. *See* Doc #3 ("But the Texas Secretary of State Carlos Cascos does not allow me to do this, on base of the Texas rules, codes and regulations.")

15, 2016. *See* Doc. #6. Subsequently, Goberman paid the filing fee to keep his case in federal court. *See* Doc. #8. The Office of the Secretary State received Goberman's Complaint against Secretary Cascos on May 13, 2016.

## III.   STATUTORY CONFIDENTIALITY PROVISIONS

In compliance with "the fundamental philosophy of the American constitutional form of representative government that adheres to the principle that government is the servant and not the master of the people," the Texas Government Code deems certain information publicly available, absent specific statutory authority excluding it. *See* TEX. GOV'T CODE § 552.101, *et. seq.*[3] This principle extends to certain identifying information provided during the voter-registration process and candidate filing process. *See* TEX. ELEC. CODE §§ 13.004(c), 18.005, 18.0051, 18.008, 18.066; 141.035; 141.031(4)(I)).

## IV.   FACTUAL ALLEGATIONS

With his Complaint, Goberman embraces brevity: it comprises one paragraph. *See* Doc. #3. Consequently, it is difficult to discern the factual background prompting Goberman's lawsuit against Secretary Cascos. However, Goberman presents the main facts of his case as follows: he wants to register to vote because he wants to vote and run for office, but he wants to keep his physical address confidential. *See id.* He claims that Texas law—and Secretary Cascos—unconstitutionally prevents him from

---

[3] Additionally, the law specifically requires that an address confidentiality program exist to protect victims of family violence, trafficked persons, or other offenses under Section 22.011, 22.021, 25.02, and 42.072 of the Texas Penal Code. TEX. CRIM. PROC. CODE § art. 56.82.

3

keeping his address confidential. *See id.* Secretary Cascos, as Secretary of State, is the chief election officer of Texas. *See* TEX. ELEC. CODE § 31.001(a).

As relief, Goberman asks this Court "to give an Order to keep [his] physical address confidential and allow [him] to vote." Doc. #3. Goberman does not allege which, if any, confidentiality provision would apply to exclude his information from public availability. *See generally id.* Neither does Goberman allege that he has already registered to vote or how he has been prohibited from voting by Secretary Cascos. *See id.*

## V.   ARGUMENTS & AUTHORITIES

### A.   This case should be dismissed under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction over Goberman's claims.

Federal Rule of Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12. When a court lacks the statutory or constitutional power to adjudicate a case, the case must be dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). The party asserting jurisdiction bears the burden of proving its existence. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). A court can find a lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 502 F. App'x 412, 414 (5th Cir. 2012).

1. **Goberman's claims do not amount to a "case or controversy" for purposes of review under Article III.**

Goberman's Complaint does not present a case or controversy as required by Article III for review in this Court. Article III of the United States Constitution limits federal courts' jurisdiction to actual "cases" and "controversies." U.S. CONST. art. III, § 2; *see also Breaux v. U.S. Postal Serv.*, 202 F.3d 820, 820 (5th Cir. 2000). It is settled that, "[i]n our system of government, courts have no business deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quotation marks omitted). The Supreme Court has "repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Id.* (citing *Alvarez v. Smith,* 558 U.S. 87, 92 (2009); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997)).

a) **Goberman's claims are moot, which precludes justiciability.**

By including what appears to be his home address in his Complaint and his Certificate of Interested Persons filed publicly, and not under seal, in this Court, Goberman renders his own desire to keep his address "confidential" moot.  *See* Doc. #3, 1, 3. Mootness is "the doctrine of standing in a time frame." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). If the controversy between a plaintiff and defendant has been "resolved to the point that they no longer qualify as adverse parties with sufficient legal interests to maintain the litigation," a court lacks jurisdiction. *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014). That is,

"[t]he requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980). Federal courts "have no power under Article III to decide the merits of a case that is moot when it comes before" them. *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999). A "controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interests to maintain the litigation." *Perschall v. Louisiana*, 174 F.3d 197 (5th Cir. 1999) (citation omitted).

Since Goberman has included his address in publicly available court filings, he no longer maintains the requisite interest in prohibiting disclosure of his physical address to the public; it has already been disclosed to the public, in public court filings, because of his own actions. Accordingly, Goberman's interest in keeping his address from being disclosed to the public—the reason he brings this suit—is now moot.

### b)   Goberman lacks standing, which precludes justiciability.

Goberman does not have standing to bring his claims. Standing is an essential component of subject-matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). To establish Article III standing, a plaintiff must show: (1) an injury-in-fact; (2) that is traceable to the defendant's challenged conduct (causation); and (3) that is likely to be redressed by a favorable decision in the district court (redressability). *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000); *see also Texas Democratic Party v. Benkiser*, 459 F.3d 582, 585–86 (5th

Cir. 2006). These elements are "an indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). As such, the party seeking to invoke federal jurisdiction bears the burden of establishing all three elements. *Id*. If a party lacks standing to bring a claim, the court lacks subject-matter jurisdiction over that claim. *See Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

Goberman lacks standing because he has not established an injury-in-fact. An injury-in-fact is "an invasion of a legally protected interest which is . . . concrete and particularized," not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. "Allegations of *possible* future injury are not sufficient" to confer standing. *Crane*, 783 F.3d at 251–52 (internal quotation marks omitted); *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (reiterating "what we have said many times before . . . . Allegations of possible future injury do not satisfy the requirements of Art. III").

First, Goberman has no legally protected interest in maintaining the alleged confidentiality of his physical address; Texas laws specifically except several categories of people from disclosing their address, and Goberman does not allege to fall into any of those exceptions. Second, Goberman's Complaint suggests that he has not yet registered to vote or filed to run for public office. Since Goberman has not registered to vote or filed to run from public office, there is zero possibility that someone would request his physical address under state public information laws and receive that information from the Secretary of State's voter rolls or candidate filing information. Even if Goberman was registered to vote or had filed to run for public office, the chance that someone would request his physical address under state public

7

information laws and receive that information from the Secretary of State is purely conjectural and hypothetical. In sum, Goberman's claims merely raise the possibility of a highly speculative, future injury, which is insufficient to confer Article III standing.

In addition to Article III standing requirements, standing encompasses prudential considerations, which embody judicially self-imposed limitations on the exercise of federal jurisdiction. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Among other things, prudential standing considerations (1) require that a plaintiff's complaint fall within the zone of interests protected by the law invoked and (2) include the general prohibition on a litigant raising another person's rights or asserting generalized grievances. *Id.* at 12.

The Supreme Court requires that plaintiffs establish that their grievance arguably falls "within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *see also Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 474 (5th Cir. 2013) (citing *Wyoming v. Oklahoma,* 502 U.S. 437, 469 (1992)); *Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth.,* 389 F.3d 491, 499 (5th Cir. 2004). This prudential limitation on standing is "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Here, the zone of interests that the Texas legislature intended to protect are clearly covered by the myriad provisions throughout various Texas statutes excepting

the home addresses of carefully chosen categories of voters from disclosure in response to requests for information relating to a voters' registrations—such as federal judges or victims of domestic violence. *See, e.g.*, TEX. ELEC. CODE §§ 13.002(e); 13.0021; 13.004; 18.0051; TEX. CRIM. PROC. CODE § art. 56.82. Moreover, candidate filing applications, which include residential addresses, are "public upon filing" pursuant to Section 141.035 of the Texas Election Code; accordingly, unless there is another statutory provision which would prohibit the addresses' disclosure, candidate addresses are also public. *See, e.g.*, TEX. ELEC. CODE § 141.031; 141.035.  Goberman fails to indicate that he does, or would, fall into any statutory exceptions to public disclosure of his residential address.

Finally, to the extent Goberman claims to be suing on behalf of "many U.S. citizens who do not vote,"[4] he does not have standing to do so. The prudential requirements of standing prohibit him from asserting claims on behalf of such unidentified third parties.[5] *Elk Grove*, 542 U.S. at 12; *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily one may not claim standing in [court] to vindicate the constitutional rights of some third party."); *see also McGowan v. Maryland*, 366 U.S. 420, 429 (1961).

---

[4] *See* Doc. #3, 2 ("Civil Cover Sheet").
[5] There are exceptions to this prudential requirement, but none are applicable here, where Goberman purports to assert claims on behalf of wide swaths of unknown individuals. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (To determine whether a person can assert the constitutional rights of a third party in a particular case, courts look at (1) the relation of the litigant to the person whose right he seeks to assert; and (2) the ability of the third party to assert his own right.).

For all of the foregoing reasons, Goberman fails to present an Article III case or controversy, and this Court is precluded from addressing his claims as a consequence. Goberman's Complaint should be dismissed under Rule 12(b)(1).

### 2.   Goberman cannot bring a Fifth Amendment claim.

This Court lacks jurisdiction over Goberman's Fifth Amendment claim against Secretary Cascos. The Fifth Amendment does not apply to the actions of the state or state officers. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, a Fifth Amendment claim that does not allege any federal action fails to confer jurisdiction on the federal court under Section 1331. *Menard v. Bd. of Trustees of Loyola Univ.*, Cause No. 04-112, 2004 WL 574727, at *1 (E.D. La. 2004) (unreported)

Although Goberman's Complaint mentions the Fifth Amendment, it fails to allege any federal action by Secretary Cascos, an officer of the State of Texas. *See* Doc. #3. Goberman does not allege that Cascos was acting under the authority of the federal government. *See id.* Consequently, Goberman's Fifth Amendment claim is jurisdictionally barred under Section 1331. Goberman's Fifth Amendment claims must therefore be dismissed under pursuant to Rule 12(b)(1).

### 3.   The Eleventh Amendment bars Goberman's claims brought through 42 U.S.C. § 1983.

Goberman makes a blanket assertion that, by not guaranteeing to make Goberman's address confidential whenever Goberman eventually decides to register

to vote (or run for public office), Secretary Cascos violates several Constitutional Amendments, including: the First, Fourth, Fifth, Sixth, Fourteenth, and Fifteenth Amendments. However, Goberman does not allege under which statutory provision he brings these constitutional claims; does not allege how he meets the requisite elements for proving any of these constitutional violations; and does not allege specifically how Secretary Cascos has violated these Amendments. Assuming that Goberman is bringing his constitutional claims through the Section 1983 vehicle, these claims are barred by Eleventh Amendment immunity.

It is well settled that claims made directly against the State and its agencies are barred by the Eleventh Amendment unless the State has consented to suit or its immunity has been expressly abrogated by Congress. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Cozzo v. Tangipahoa Parish Council-President*, 279 F.3d 273, 280-81 (5th Cir. 2002) ("[w]hen a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and  injunctive relief unless the state has waived its immunity"). Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). "As such, it is no different from a suit against the state itself." *Will*, 491 U.S. at 71.

The Supreme Court has expressly held that Section 1983 does *not* abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). A suit against Secretary Cascos in his official capacity is a suit against the State, which

as discussed, has immunity from constitutional claims pursuant to the Eleventh Amendment. So, if Goberman intends to bring his constitutional claims through Section 1983, they are barred by the Eleventh Amendment. Therefore, Goberman's constitutional claims against Secretary Cascos in his official capacity must be dismissed under Rule 12(b)(1).

The *Ex parte Young* exception to sovereign immunity does not apply here. *See Ex parte Young,* 209 U.S. 123 (1908). This exception to sovereign immunity permits lawsuits against state officials for declaratory or injunctive relief for *ongoing violations of federal law*. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015); *see also Green v. Mansour*, 474 U.S. 64 (1985). Goberman alleges no such ongoing violation—he merely wants to have his physical address deemed confidential in the hypothetical future event where he registers to vote (or runs for office) in the State of Texas.

**B.    This case should be dismissed under Rule 12(b)(6), because Goberman fails to state a claim upon which relief may be granted.**

Goberman pleads no facts—let alone sufficient facts—to support his various constitutional claims against Secretary Cascos. Dismissal is proper under Federal Rule of Procedure 12(b)(6) when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12. When reviewing a Rule 12(b)(6) dismissal motion, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the non-movant. *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Funk v.*

12

*Stryker Corp.*, 673 F. Supp. 2d 522, 525 (S.D. Tex. 2009), *aff'd* 631 F.3d 777 (5th Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Instead, the plaintiff's factual allegations must be enough to "raise a right of relief above the speculative level," upon the assumption that all the factual allegations in the complaint are true. *Twombly,* 550 U.S. at 555. Courts will not accept "mere conclusory allegations or legal conclusions masquerading as factual conclusions as true." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Here, Goberman does not even recite elements for his various "causes of actions," or what statute he purports to bring them through—he merely claims Secretary Cascos violated various Amendments of the U.S. Constitution without any factual or legal support.

### 1.  Goberman alleges no facts supporting a First Amendment violation.

The facts Goberman includes in his Complaint coupled with his requested relief fail to demonstrate any plausible inference that his First Amendment rights have been violated. The First Amendment guarantees certain freedoms concerning religion, expression, assembly, and the right to petition. *See* U.S. CONST. amend. I. Goberman's desire to keep his address confidential when he registers to vote (or run for public office) pertains to none of those rights. Therefore, Goberman fails to state any First Amendment violation upon which relief may be granted.

### 2.   Goberman alleges no facts supporting a Fourth Amendment violation.

The facts Goberman includes in his Complaint coupled with his requested relief fail to demonstrate any plausible inference that his Fourth Amendment rights have been violated. The Fourth Amendment guarantees protections from unreasonable searches and seizures. *See* U.S. CONST. amend. IV. Goberman's concerns regarding the confidentiality of his address upon hypothetically registering to vote, hypothetically run for public office, and hypothetical dissemination of his address thereafter do not relate to searches and seizures of his home. As such, Goberman fails to state any Fourth Amendment violation upon which relief may be granted.

### 3.   Goberman cannot bring a Fifth Amendment claim against Secretary Cascos.

As previously discussed, *see supra* Section IV. A. 2., the Fifth Amendment does not apply to actions by state actors, such as Secretary Cascos. Accordingly, Goberman fails to state any Fifth Amendment claim upon which relief may be granted. *See Bittakis v. City of El Paso*, 480 F. Supp. 2d 895, 910 (W.D. Tex. 2007) (citing *Jones*, 203 F.3d at 880).

### 4.   The Sixth Amendment is irrelevant to Goberman's civil claims.

Goberman does not plead facts regarding any criminal behavior that would give rise to a Sixth Amendment claim. The Sixth Amendment pertains to criminal cases. *See* U.S. CONST. amend. VI. As this is a civil suit, Goberman fails to state a Sixth Amendment claim upon which relief may be granted.

**5.    Goberman does not allege how his Fourteenth Amendment rights were violated by Secretary Cascos.**

Goberman does not plead facts regarding any violations of the various civil rights guaranteed by the Fourteenth Amendment. The Fourteenth Amendment guarantees certain privileges and immunities related to citizenship, equal protection rights, and due process rights. *See* U.S. CONST. amend. XIV. In his Complaint, Goberman pleads no facts or elements to even begin to deduce which of his Fourteenth Amendment rights have been violated—or how Cascos violated them. Goberman merely provides yet another label for another legal claim. Viewed in the light most favorable to him, Goberman fails to state any claim regarding his Fourteenth Amendment rights upon which relief may be granted.

**6.    Goberman pleads no facts showing that his Fifteenth Amendment rights were violated by Secretary Cascos.**

Goberman fails to state a claim for violation of his Fifteenth Amendment rights upon which relief may be granted. The Fifteenth Amendment ensures the right of citizens to vote regardless of their race, color, or previous condition of servitude. *See* U.S. CONST. amend. XV. Here, there are no factual allegations that Secretary Cascos has thwarted Goberman's Fifteenth Amendment right to vote. To the contrary, Goberman has every right to vote—he simply chooses not to register to vote in order to avoid a hypothetical dissemination of his physical address to the public in the future. Accordingly, the Court should dispose of Goberman's Fifteenth Amendment claim under Rule 12(b)(6).

## VI.   CONCLUSION

For all of the foregoing reasons, Secretary Cascos moves this Court to dismiss Goberman's Complaint in its entirety, dismiss him from this lawsuit with prejudice, and grant him any such other relief to which he may show himself justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil
Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

***/s/ KELLI C. FUQUA***
KELLI C. FUQUA
Assistant Attorney General
Texas Bar No. 24097713
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Kelli.Fuqua@texasattorneygeneral.gov
(512) 463-2120 PHONE
(512) 320-0667 FAX
**COUNSEL FOR SECRETARY CASCOS**

**CERTIFICATE OF SERVICE**

For the parties not registered to receive this filing via CM/ECF, I hereby certify that a true and correct copy of the foregoing document has been sent by Certified Mail, Return Receipt Requested, on this the 2nd day of June, 2016, to:

**Pavel Goberman**, Plaintiff *Pro Se*
P.O. Box 570636
Dallas, Texas 75357

_/s/ **Kelli C. Fuqua**_
ASSISTANT ATTORNEY GENERAL