UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAVEL GOBERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-0994-G (BH) |
| CARLOS CASCOS, Texas Secretary of State, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Carlos H. Cascos, in his

official capacity as Texas Secretary of State ("Secretary Cascos"), to dismiss the

claims of the plaintiff, Pavel Goberman ("Goberman"), pursuant to FED. R. CIV. P.

12(b)(1) (docket entry 12).  For the reasons set forth below, the motion is granted.

## I.  BACKGROUND

On April 11, 2016, Goberman filed this suit against Secretary Cascos, seeking

an order that would allow Goberman to register to vote without making his physical

address public information, as is currently required by Texas state law.  Complaint ¶ 1

(docket entry 3); TEX. ELEC. CODE ANN. §§ 18.005(a)(2); 18.066(a) (West 2015).

Additionally, Goberman would like to run for public office without making his

physical address public information, as is also required by Texas state law.  Complaint

¶ 1; TEX. ELEC. CODE ANN. §§ 141.031(a)(4)(I); 141.035 (West 2015).  In order to

maintain confidentiality of his physical address, Goberman would like to disclose his

P.O. Box address instead.  Complaint ¶ 1.  In his complaint, Goberman alleges that

Secretary Cascos violated the First, Fourth, Fifth, Sixth, Fourteenth, and Fifteenth

Amendments of the United States Constitution by requiring Goberman and other

United States citizens to disclose their physical addresses in order to vote. *Id.*  On

June 2, 2016, Secretary Cascos filed the instant motion to dismiss under Rule

12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a

claim upon which relief may be granted.  Defendant's Motion to Dismiss Under

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion") at 3 (docket entry

12).

       Because this court concludes Goberman lacks standing to bring his claims, the

court need not address Secretary Cascos's contentions that Goberman's claims are

moot, that Goberman cannot bring a Fifth Amendment claim, or that the Eleventh

Amendment bars Goberman's claims.  *See* Defendant's Brief in Support of Motion to

Dismiss ("Defendant's Brief") at 5-6, 10-12 (docket entry 13).  Additionally, this

court need not reach Secretary Cascos's 12(b)(6) motion.  Motion at 3.

## II. ANALYSIS

### A. Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.)*, cert. denied*, 454 U.S. 897 (1981))*, cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645

F.2d at 413).  Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper.  *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

Importantly, lack of Article III standing is a defect in subject matter jurisdiction.  See *Bender v. Williamsport Area School District*, 475 U.S. 534, 541-42, (1986); *O'Shea v. Littleton*, 414 U.S. 488, 493-95, (1974).  Therefore, when a plaintiff lacks standing to sue in federal court, it is appropriate for the court to dismiss the action, pursuant to Rule 12(b)(1), for want of subject matter jurisdiction.  See *Chair King, Inc. v. Houston Cellular Corporation*, 131 F.3d 507, 509 (5th Cir. 1997); *Bender*, 475 U.S. at 541.

In the instant motion, Secretary Cascos has asserted that Goberman lacks standing to bring his claims because "he has not established an injury in fact" and that Goberman lacks standing to sue on behalf of the "many U.S. citizens who do not vote."  Defendant's Brief at 7-9.  For the reasons discussed below, the court finds that Goberman has not established Article III standing to sue on behalf of himself, or on behalf of unidentified third parties.

B.  Application

1.  *Goberman Lacks Standing to Bring His Claims*

Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."  U.S. CONST. art. III § 2. Standing -- *i.e.*, the need to show that the plaintiffs have a direct, personal stake in the outcome of the suit -- is an "essential and unchanging part" of this case-or-controversy requirement.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."  *United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990)) (internal quotation marks omitted).  As the Supreme Court explained in *Lujan*, the "irreducible constitutional minimum of standing" has three elements:

> First, the plaintiff must have suffered an "injury in fact" --
> an invasion of a legally protected interest which is
> (a) concrete and particularized, and (b) "actual or
> imminent, not 'conjectural' or 'hypothetical.'"  Second,
> there must be a causal connection between the injury and
> the conduct complained of -- the injury has to be "fairly
> . . . trace[able] to the challenged action of the defendant,
> and not . . . th[e] result [of] the independent action of
> some third party not before the court."  Third, it must be
> "likely," as opposed to merely "speculative," that the injury
> will be "redressed by a favorable decision."

504 U.S. at 560-61 (internal citations and footnote omitted); see also *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *Public*

*Citizen, Inc. v. Bomer*, 274 F.3d 212, 217-18 (5th Cir. 2001). All three elements must exist to establish Article III standing. *Vermont Agency*, 529 U.S. at 771. Because these elements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)).

In the present case, Goberman has not met his burden of alleging the first element, an "injury in fact." *Lujan*, 504 U.S. at 560. Goberman has first failed to show that he has a legally protected interest in his physical address remaining confidential. Texas laws do not protect this general interest. *See* TEX. ELEC. CODE ANN. §§ 18.005(a)(2); 18.066(a); 141.031(a)(4)(I); 141.035; TEX. GOV'T CODE § 552.021 (West 2015). While Texas voting laws do protect the confidentiality of home addresses for certain groups of individuals, Goberman does not claim to belong to any of these groups. *See* TEX. ELEC. CODE ANN. §§ 18.066(b)(2) (West 2015) (protecting the confidentiality of home addresses of federal and state judges and their spouses); TEX. CRIM. PROC. CODE art. 56.82 (West 2015) (protecting the

confidentiality of home addresses of victims of certain crimes).  Complaint ¶ 1.

Additionally, Goberman has not pointed to any specific federal law which protects

this interest.  Complaint ¶ 1.  See *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315,

319 (5th Cir. 2002) ("To establish an injury in fact, plaintiff[] must demonstrate an

invasion of a legally protected interest which is . . . concrete and particularized")

(citation and internal quotation marks omitted).

    Regardless of the type of interest Goberman has in the confidentiality of his

physical address, Goberman has not alleged that this interest has been invaded.  See

*Lujan*, 504 U.S. at 560.  Looking to Goberman's complaint, it appears as though he

has not yet registered to vote or filed his application to run for public office.  *See*

Complaint ¶ 1 ("I want to register to vote and to vote.  Also I want to run for the

public office."; "The state codes, rules, and regulations are [sic] make me not eligible

to vote."; "I'm asking this court . . . to give an Order to keep my physical address

confidential and allow me to vote.").  If Goberman did not register to vote or file his

application to run for public office, then his physical address was not part of the

public record for someone to find.  Therefore, the confidentiality of his physical

address could not have suffered an "actual" invasion. See *Lujan*, 504 U.S. at 560.

Even if Goberman has registered to vote or filed his application to run for public

office, the invasion Goberman alleges, Complaint ¶, 1 is not actual, concrete, or

particularized because Goberman has failed to point to any instance of someone

searching the public records to find his physical address.  See *id.*  Goberman's

complaint involves a hypothetical future invasion.  See *Bauer v. Texas*, 341 F.3d 352,

358 (5th Cir. 2003) ("Additionally, the continuing controversy may not be

conjectural, hypothetical, or contingent; it must be real and immediate, and create a

definite, rather than speculative threat of future injury.").

      This hypothetical future invasion is also not imminent.  See *Lujan*, 504 U.S. at

560.  The Supreme Court has emphasized that imminence "cannot be stretched

beyond its purpose, which is to ensure that the alleged injury is not too speculative

for Article III purposes -- that the injury is *certainly* impending."  *Clapper v. Amnesty*

*International USA*, __ U.S. __, 133 S.Ct. 1138, 1147 (2013) (emphasis in original)

(quoting *Lujan*, 504 U.S. at 565 n.2) (internal quotation marks omitted); see also

*Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).  The basis Goberman relies on --

that at some future time someone is going to go into the public records to search out

his home address -- is highly speculative.  See *id.*  Moreover, if Goberman has not

registered to vote and his address is not part of the public record -- as seems to be the

case -- then predicting any future injury is not just highly speculative, but not

possible.  Goberman has not sustained his burden of establishing an "invasion of a

legally protected interest" that is "concrete and particularized" and "actual or

imminent."  See *Lujan*, 504 U.S. at 560.

### 2.  *Goberman Lacks Standing to Bring His Claims on Behalf of "many U.S. citizens who do not vote"*

"Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."  *Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (internal quotations omitted).  When evaluating potential exceptions to this general rule, the Supreme Court has looked to two elements:  "The first is the relationship of the litigant to the person whose right he seeks to assert," *Singleton*, 428 U.S. at 114, and "[t]he other . . . is the ability of the third party to assert his own right."  *Id.* at 115-16.  Goberman's attempt to assert constitutional claims on behalf of "many U.S. citizens" falls within the general rule.  See *id.*  There is no relationship between Goberman and the "many U.S. citizens who do not vote," nor is there any reason why those citizens could not themselves assert any claims they may have.  See *id.*  Accordingly, Goberman lacks standing to assert his constitutional claims on behalf of these unidentified third parties.  See *id.*

### III.  CONCLUSION

For the reasons stated above, Secretary Cascos's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.  Goberman's claims will be dismissed, without prejudice, at his cost.

**SO ORDERED**.

July 12, 2016.

_____
A. JOE FISH
**Senior United States District Judge**